IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ORLANDO ORTEGA MORA<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Baltimore City)<br><br>          Plaintiff,<br><br>v.<br><br>YOUNG J. PARK, INC.<br>d/b/a HOME BBQ & FISH<br>2101 E Monument Street<br>Baltimore, MD 21205<br>(Baltimore City)<br><br>YOUNG JOON PARK<br>7642 Elmcrest Road<br>Hanover, MD 21076<br>(Anne Arundel County)<br><br>          Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.      While Plaintiff worked at Defendants' barbecue restaurant, Defendants did not pay Plaintiff overtime wages for his overtime hours. Instead, Defendants paid him a weekly salary that resulted in him earning the same effective hourly rate across all hours worked, including overtime hours.

2.      Plaintiff brings this action against Young J. Park, Inc. and Young Joon Park ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5. Plaintiff Orlando Ortega Mora is an adult resident of Baltimore City, Maryland.

6. Defendant Young J. Park, Inc. is a Maryland corporate entity. It does business as Home BBQ & Fish. Its principal place of business is located at 2101 E Monument Street, Baltimore, MD 21205. Its resident agent for service of process is Young S. Park, 10604 Ashford Way, Woodstock, MD 21163.

7. Defendant Young Joon Park is an adult resident of Maryland. He resides at 7642 Elmcrest Road, Hanover, MD 21076. He is an owner and officer of Defendant Young J. Park, Inc. He exercises control over the operations of Young J. Park, Inc. — including its pay practices.

**Factual Allegations**

8. Defendants own and operate the restaurant Home BBQ & Fish, located at 2101 E Monument Street, Baltimore, MD 21205.

9. Plaintiff worked at Home BBQ & Fish from approximately 2006 through approximately March 18, 2020.

10. Plaintiff worked at Home BBQ & Fish as a kitchen laborer.

11. Plaintiff's job duties at Home BBQ & Fish primarily consisted of cutting and preparing fish and vegetables, occasionally attending to the grill station, and receiving deliveries of supplies to the restaurant.

12. Plaintiff typically and customarily worked six days per week.

13. Plaintiff typically and customarily worked seventy-two hours per week.

14. At all relevant times, Defendants paid Plaintiff a weekly salary.

15. Defendants paid Plaintiff approximately the following weekly salaries:

| Approximate Dates | Weekly Salary | Effective Hourly Rate |
|---|---|---|
| Nov. 01, 2017–Apr. 08, 2018 | $800.00 | $11.11 |
| Apr. 09, 2018–Mar. 31, 2019 | $900.00 | $12.50 |
| Apr. 01, 2019–Mar. 08, 2020 | $950.00 | $13.19 |
| Mar. 09, 2020 – Mar. 18, 2020 | $1,000.00 | $13.89 |

16. Defendants paid Plaintiff $568.00 for his last three days of work.

17. Defendants typically and customarily paid Plaintiff partly by check and partly in cash.

18. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

20. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

21. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $24,725.11 in overtime wages (excluding liquidated damages).

22. Defendant Young Joon Park participated in the decision to hire Plaintiff.

23. Defendant Young Joon Park set Plaintiff's work schedule.

24. Defendant Young Joon Park participated in the supervision of Plaintiff's work.

25. Defendant Young Joon Park set Plaintiff's pay rate.

26. Defendant Young Joon Park set Plaintiff's manner of pay.

27. Defendant Young Joon Park signed Plaintiff's paychecks.

28. Defendant Young Joon Park handed Plaintiff his weekly payment.

29. At all relevant times, Defendants had the power to hire and fire Plaintiff.

30. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

31. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

32. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

33. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

34. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

35. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

36. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

37. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

4

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

44. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

45. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

46. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

47. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

48. Defendants' violations of the MWHL were willful.

49. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

52. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

53. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

54. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

55. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

56. Defendants' violations MWPCL were willful.

57. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$77,775.33**, and grant the following relief:

   a. Award Plaintiff $74,175.33, consisting of the following overlapping elements:

      i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.      three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,200.00);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: December 3, 2020　　　　　　　　　　　　Respectfully submitted,

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*